10-2766-ag
Li v. Holder

BIA
Videla, IJ
A070 889 568

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand twelve.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    ROSEMARY S. POOLER,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

ZUO PENG LI,
        *Petitioner,*

        v.                                    10-2766-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:    Gary J. Yerman, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General;
                   David V. Bernal, Assistant Director;
                   Yedidya Cohen, Trial Attorney, Office of
                   Immigration Litigation, Civil Division,
                   United States Department of Justice,
                   Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zuo Peng Li, a native and citizen of China, seeks review of a June 16, 2010, order of the BIA affirming the July 2, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla denying Li's motion to reopen. *In re Zuo Peng Li*, No. A070 889 568 (B.I.A. June 16, 2010), *aff'g* No. A070 889 568 (Immig. Ct. N.Y. City July 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). This Court reviews the agency's denial of a motion to reopen and the BIA's denial of a motion to remand for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005).

Here, the BIA did not abuse its discretion in declining to consider Li's new evidence, because it was adjudicating an appeal from the IJ's order. *See* 8 C.F.R.

§ 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals."). Accordingly, the BIA properly determined whether remand was appropriate. *See id.* ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand.").

The BIA also did not abuse its discretion in declining to remand Li's case based on the new evidence. The BIA determined that Li's brother's letter was unreliable because it was an unnotarized, unsworn copy that was not corroborated by any other documents from a reliable source. We defer to that ruling. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to evidence in immigration proceedings lies largely within the discretion of the agency). Additionally, the other evidence Li submitted was not "previously unavailable" and could have been submitted or summarized with his original motion to reopen. *See Li Yong Cao*, 421 F.3d at 156 (explaining that the BIA may decline to remand where the movant has failed to "comply with the requirement of 8 C.F.R. § 3.2(c)(1) [now found at § 1003.2(c)(1)] that

3

his motion articulate material, previously unavailable evidence").

Nor did the agency abuse its discretion by denying Li's motion to reopen as untimely, as it was filed more than ten years after his final order of removal.  *See* 8 U.S.C. § 1229a(c)(7).  The time limits on motions to reopen may be excused when the movant demonstrates changed country conditions.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  But, as the BIA concluded, Li's claim, based on the fact that he joined the China Democracy Party in 2007, reflected no more than a change in personal circumstances.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) ("[A]pparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme...."); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

Moreover, substantial evidence supports the agency's determination that Li failed to establish that conditions in China had materially changed.  The evidence he submitted to the agency documenting the persecution of pro-democracy activists in China did not indicate that there had been any change in that persecution between Li's 1998 removal hearing and 2008 when he filed his motion to reopen.  *See* U.S.C. § 1229a(c)(7)(C)(ii).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5